# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 06-61148
Summary Calendar

FANG LIN

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 838 680

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fang Lin petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen. Lin argues that the BIA erred in denying her motion to reopen as numerically barred and untimely.

This court has jurisdiction to review the issue. See Panjwani v. Gonzales, 401 F.3d 626, 632 (5th Cir. 2005). In reviewing the BIA's denial of a motion to reopen, this court applies a highly deferential abuse of discretion standard,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regardless of the basis of the alien's request for relief.  Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

The BIA determined that the motion was both numerically barred and untimely and that Lin did not qualify for an exception to the numerical and time restrictions for filing motions to reopen found in 8 C.F.R. § 1003.2(c).  The BIA determined further that, even if the motion was not barred, it would deny it "as a matter of discretion" for the same reason it had denied Lin's earlier motion to reopen, namely, Lin's fraudulent representations made during the immigration proceedings.

The denial as a matter of discretion represents a separate, "independent" ground for denying a motion to reopen.  See INS v. Abudu, 485 U.S. 94, 104-05 (1988).  Lin does not address or contest the BIA's determination that, even if the motion was not barred, it would deny the motion "as a matter of discretion" on the basis of her fraudulent representations.  She likewise does not contest that she made such fraudulent representations.

Because Lin has not addressed the denial of her motion to reopen as a matter of discretion, she has abandoned the issue on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, Lin's petition for review is DENIED.  See Walker v. Thompson, 214 F.3d 615, 624-25 (5th Cir. 2000).